Joseph NIGHSWONGER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–369.

Court of Appeals of Alaska.

April 27, 1984.

Venable Vermont, Jr., Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

This is a bail appeal. Joseph Nighswonger was convicted of robbery in the second degree, AS 11.41.510. He received a six-year presumptive sentence, AS 12.55.-125(d).[1] When Nighswonger was sentenced, he indicated to the trial court that he intended to appeal his conviction and requested bail pending appeal, AS 12.30.-040. The trial court denied his request for bail and Nighswonger appeals. His merit and sentence appeal are currently pending, and will be addressed in a separate opinion. We limit this decision to the bail appeal. We have reviewed the record and are unable to determine whether Judge Carlson made the requisite findings necessary to deny bail under AS 12.30.040. We must therefore remand this matter to the trial court for further findings.

FACTS

Following the reversal of Nighswonger's first conviction, Judge Carlson released him on the condition that, among other things, he submit to TASC monitoring for drugs and alcohol. On November 22, 1983, prior to sentencing for his conviction on retrial, Judge Carlson remanded Nighswonger to custody on the basis of a urine sample which indicated the presence of cocaine. It appears that Nighswonger had satisfied the other conditions of bail.

After sentencing, on March 21, 1984, Nighswonger asked for reinstatement of the same conditions of bail while his new ap-

---

1. This was Nighswonger's second trial on this charge. He had previously been convicted and sentenced in 1981. We reversed that conviction in *Nighswonger v. State,* 662 P.2d 445 (Alaska App.1983).

peal was pending. Judge Carlson queried Nighswonger's counsel regarding the basis for his appeal. Nighswonger indicated that he intended to challenge a pretrial photographic lineup and his identification as the perpetrator of the crime at trial. The state argued that Nighswonger had three prior felonies and was therefore subject to a six-year presumptive term. Judge Carlson concluded:

> No, I didn't think that there were any points left for the appeal. I thought that—that the last trial we had was a very clean trial, and there was nothing to go up on, other than whether or not it was an exceptional case for the three-judge panel. And I—I just think that Mr. Nighswonger's fooling himself by getting out on bail and then he's going to have to do the 22 months sometime in the future. I—I don't see any real purpose in that, and therefore, I'll leave it up to the Court of Appeals to grant him bail on appeal, if they choose to do so. I'll deny the motion.

## DISCUSSION

Alaska Statute 12.30.040(a) provides, in relevant part:

> A person who has been convicted of an offense and is awaiting sentence, or who has filed an appeal shall be treated in accordance with the provisions of AS 12.-30.020 unless the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community. If that determination is made, the person may be remanded to custody ....

This statute requires a trial court to make certain specific findings before denying bail to one convicted of a felony who intends to appeal his conviction. Those findings were not made in this case. We do not believe that the record is so clear regarding Nighswonger's potential for flight or danger to the community that we should infer the necessary findings from the record as a matter of law. Certainly,

the trial court could consider the fact that Nighswonger was a third-time offender subject to a six-year presumptive term in determining whether he was a flight-risk. It appears, however, that Nighswonger has already served thirty months of that sentence for which he is entitled to credit. Thus it would not appear that Nighswonger's remaining sentence is so severe that a presumption of flight is established as a matter of law. By the same token, the presence of cocaine in Nighswonger's urine might well lead a trial court to infer that Nighswonger cannot be expected to abide by reasonable conditions of release. An appellate court cannot, however, make that finding as a matter of law. Further, it appears that despite his extensive experience with the criminal justice system and his apparent inability to abstain from drugs while on release, Nighswonger has always made appointments in the past and never absconded. Under these circumstances, we believe reasonable judges could differ as to whether "no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community." AS 12.30.-040. Therefore, express findings of fact were required to deny bail.

This case must therefore be remanded to the superior court for further consideration in accordance with AS 12.30.040. In reaching this conclusion, we do not suggest that Nighswonger is entitled to bail as a matter of right or that a finding that he presented an escape risk or danger to the public while on release would be erroneous as a matter of law. We simply conclude that on this record the trial court was required to make explicit factual findings on these issues in order to deny bail.

The order of the superior court denying bail pending appeal is VACATED and this case is REMANDED to the superior court for further proceedings consistent with this opinion.